IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD N. SALAZAR,

    Plaintiff,

v.                                                                        Civ. No. 04-0276 RLP/ACT

FRANCISCO ARAGON, in his individual
and official capacity as an Albuquerque
Police Officer,

    Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant's Motion in Limine to Exclude Evidence of Police Standard Operating Procedures. For the reasons set forth below, the motion is granted.

Plaintiff filed his lawsuit against Defendant Police Officer Aragon claiming violations of his constitutional rights pursuant to 42 U.S.C. § 1983. He also alleges state tort claims of assault and battery and false arrest. He alleges that Officer Aragon arrested him without probable cause.

According to the allegations in the complaint, Plaintiff was at his home when he heard angry voices outside the residence. When he went to see what was going on, he encountered a male and female arguing in his front yard. He states he told the individuals involved to go home and was just reentering his home when three police cars arrived. He claims that Officer Aragon called him over to his vehicle and when Plaintiff told the officer he hadn't been involved in the altercation, Officer Aragon grabbed Plaintiff and attempted to force him into the police car. When Plaintiff protested, Officer Aragon threw him to the

ground, handcuffed him, and then pulled him up, forcing his face on the hood of the police car. Plaintiff states that Officer Aragon hit him in the torso and then arrested him.

At trial, Plaintiff proposes to enter into evidence the Albuquerque Police Department's Standard Operating Procedures (SOP). Defendant objects to such evidence, claiming the SOP are not relevant and therefore inadmissible, pursuant to Fed.R.Evid. 402. Additionally, Defendant argues that even if the SOP are relevant, their introduction might mislead the jury into thinking that a violation of the SOP would tend to prove the Fourth Amendment excessive force or the state law assault and battery claims. Fed.R.Evid. 403

In *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005), the Tenth Circuit Court of Appeals determined that the trial court had not abused its discretion in refusing to admit the Albuquerque Police Department SOP for the plaintiff's excessive force and assault and battery claims. The court noted that a police officer is entitled to use all force reasonably necessary under the circumstances, but that did not mean that the officer was required to use less intrusive, alternative means. 401 F.3d at 1162-63 (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989) and *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001)). The Albuquerque Police Department SOP requires an officer to use only the force reasonably necessary, but also "requires an assessment of an officer's choice between various techniques for de-escalation . . . ." *Id.* at 1162. The court stated that the SOP went "beyond the scope of the inquiry mandated by state and federal law which require that an officer use reasonable, not optimal, force." *Id.* Moreover,

> that the SOP duplicates the federal and state standards for

> excessive force makes it less likely that evidence of the SOPs would be relevant [under Fed.R.Evid. 401]. The jury was already obliged to determine whether Office Sholtis's conduct violated the requirement of state and federal law that he only use a reasonable degree of force in effecting Plaintiff's arrest. That the SOP required precisely what the law required of him does not make it more or less likely that Officer Sholtis's use of force was reasonable; the SOP is therefore not relevant.

*Id.* at 1163.

The court noted that both it and the Supreme Court have rejected the use of SOP to show that a violation of police procedures equated a violation of § 1983. *Id.*

Finally, with regard to the state law claims the Tenth Circuit found that the trial court did not abuse its discretion for refusing to admit the SOP under Fed.R.Evid. 403, "[g]iven the minimal probative value of an SOP that merely duplicates the legal standard already under consideration, and the likelihood that the jury could confuse legal and administrative standards . . . ." *Id.* at 1164.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine [Doc. 31] is granted.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)